# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **In Re:** | |
| | **Chapter 7** |
| **Mark E. Herman,** | |
| | **Bankruptcy No. 18-40752** |
| Debtor. | |

| | |
|---|---|
| **James L. Snyder, United States Trustee,** | |
| Plaintiff, | Adv. No. _____ |
| v. | |
| | **COMPLAINT FOR DENIAL OF DISCHARGE** |
| **Mark E. Herman,** | |
| Defendant. | |

Plaintiff, James L. Snyder, United States Trustee, for his complaint against Mark Herman, defendant, states and alleges as follows:

1. James L. Snyder is the United States Trustee for Region 12, which covers the Federal Judicial Districts of Iowa (Northern & Southern Districts), Minnesota, North Dakota, and South Dakota. The United States Trustee has standing to commence this adversary proceeding pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 727(c)(1).

2. Mr. Herman is a resident of the State of Minnesota and filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code on March 15, 2018. The case is currently pending in the United States Bankruptcy Court for the District of Minnesota. Nauni Jo Manty was

appointed as the chapter 7 trustee.

3.  This complaint is filed under Fed. R. Bankr. P. 7001(4) and seeks an order denying Mr. Herman's discharge in this case pursuant to 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A).

4.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding.

5.  The United States Trustee consents to an entry of final judgment by the bankruptcy court in this matter.

**Background**

6.  Mr. Herman is an artist. He previously owned a company called Wayfinder Design, LLC. Either Mr. Herman or Wayfinder, or both, operated under an assumed name of Numeric Press Limited.

7.  In 2014, the Internal Revenue Service was pursuing Mr. Herman due to his failure to pay income taxes. In response, he stopped operating Numeric Press Limited and sold the business to Amber Senn for $1.00. Mr. Herman owns and resides in a triplex in Minneapolis, and Ms. Senn resides in one of the units in the triplex. On May 12, 2014, Amber Senn incorporated Numeric Trading Company, Inc. On June 1, 2014, Mr. Herman licensed his artwork to Numeric Trading Company for five years. In exchange, Numeric Trading Company agreed to pay Mr. Herman 10% of its net profits, including a minimum of $100,000.00 in each calendar year. Mr. Herman initially arranged to have his royalties paid in cash and, more recently, Numeric Trading would load a PayPal debit card with funds for Mr. Herman's use in lieu of paying him cash. Numeric Trading also paid Mr. Herman's mortgage. Ms. Senn did not pay rent to Mr. Herman. Instead, she paid the utility and maintenance expenses for the triplex, which averaged $1,000.00 to

$2,000.00 per month. The purpose of this arrangement was to avoid the IRS's collection efforts.

8. Beginning in May of 2016, Mr. Herman leased one of the three units in his triplex to Julia Knight for $3,900.00 per month. Ms. Knight paid the rent directly to Amber Senn until May of 2018. Beginning in May of 2018, Ms. Knight paid rent directly to Brigadoon, LLC, a lender that holds a first mortgage secured by Mr. Herman's triplex.

### Fraudulent Bankruptcy Filing

9. On March 15, 2018, Mr. Herman filed a voluntary chapter 7 bankruptcy petition. On the petition, Mr. Herman falsely stated that he had not used any business names in the previous eight years.

10. On March 30, 2018, Mr. Herman filed his bankruptcy schedules and statement of financial affairs.

11. On schedule A/B, Mr. Herman failed to disclose his ownership of his art work. Mr. Herman did not list his interest in Numeric Trading Company's PayPal account. He also valued a "right to royalties from art work" as "unknown." On schedule G, he did not list his lease agreement with Ms. Senn or Ms. Knight. He also did not list his license agreement with Numeric Trading Company. On schedule I, he only listed income of $3,014.00, and he did not list any rental income. On schedule J, he listed home ownership expenses of $9,302.00 per month, and total utility expenses of $810.00 per month.

12. On the Statement of Financial Affairs, Mr. Herman did not disclose his previous operation of Numeric Press. He also failed to disclose any rental income from Ms. Senn or Ms. Knight.

**False Testimony at the Meeting of Creditors**

13. Ms. Manty convened the meeting of creditors on April 12, 2018. At the meeting of creditors, Mr. Herman testified falsely as follows:

    a. That the information on his petition, bankruptcy schedules, and statement of financial affairs was true and correct.

    b. That he had listed all of his assets on his bankruptcy schedules.

    c. That he had not transferred any assets, money, or property to friends, family members, or business associates within the six years prior to filing his bankruptcy petition.

COUNT I
TRANSFER OR CONCEALMENT OF PROPERTY OF THE DEBTOR WITH INTENT TO HINDER, DELAY, OR DEFRAUD A CREDITOR WITHIN ONE YEAR BEFORE THE DATE OF THE FILING OF THE PETITION

14. The plaintiff re-alleges Paragraphs 1-13 as if fully set forth herein.

15. Mr. Herman filed a voluntary petition on March 15, 2018.

16. In 2014, Mr. Herman sold the assets of Numeric Press to Numeric Trading Company for $1.00. Between 2014 and March 15, 2018, Mr. Herman engaged in continuing concealment of the sale of the assets of Numeric Press.

17. Mr. Herman concealed his property, namely the former assets of Numeric Press and his right to receive royalty payments, with the intent to hinder, delay, or defraud creditors within one year of the filing of his bankruptcy petition.

18. Mr. Herman transferred his property, namely the rental income from Ms. Knight to Ms. Senn and/or Numeric Trading Partners with the intent to hinder, delay, or defraud creditors within one year of the filing of his bankruptcy petition.

19. As a result of Mr. Herman's conduct, plaintiff is entitled to an order denying Mr. Herman's discharge under 11 U.S.C. § 727(a)(2)(A).

## COUNT II
## FALSE OATHS IN OR IN CONNECTION WITH THE CASE

20. Plaintiff re-alleges Paragraphs 1-19 as if fully set forth herein.

21. Mr. Herman knowingly and fraudulently made the following false oaths on his bankruptcy petition:

   a. Mr. Herman stated that he had not used any business names in the previous eight years.

22. Mr. Herman knowingly and fraudulently made the following false oaths on his bankruptcy schedules:

   a. On schedule A/B, Mr. Herman failed to disclose his ownership of his art work.

   b. On schedule A/B, Mr. Herman did not list his interest in Numeric Trading Company's PayPal account.

   c. On schedule A/B, Mr. Herman valued a "right to royalties from art work" as "unknown."

   d. On schedule G, Mr. Herman did not list his lease agreement with Ms. Senn or Ms. Knight.

   e. On schedule G, Mr. Hermann did not list his license agreement with Numeric Trading Company.

   f. On schedule I, Mr. Herman listed income of only $3,014.00, and he did not list any rental income.

   g. On schedule J, Mr. Herman listed home ownership expenses of $9,302.00 per

5

month, and total utility expenses of $810.00 per month.

23.     On the Statement of Financial Affairs, Mr. Herman knowingly and fraudulently failed to disclose his previous operation of Numeric Press or his rental income from Ms. Knight and Ms. Senn.

24.     Mr. Herman knowingly and fraudulently made the following false oaths at the meeting of creditors on April 12, 2018:

   a.   That the information on his petition, bankruptcy schedules, and statement of financial affairs was true and correct.

   b.   That he had listed all of his assets on his bankruptcy schedules.

   c.   That he had not transferred any assets, money, or property to friends, family members, or business associates within the six years prior to filing his bankruptcy petition.

25.     Mr. Herman's false oaths set forth above were material omissions regarding his property and property of the estate.

26.     As a result of Mr. Herman's false oaths, the plaintiff is entitled to an order denying Mr. Herman's discharge under 11 U.S.C. § 727(a)(4)(A).

*—Remainder of page intentionally left blank—*

WHEREFORE, the plaintiff requests that this Court enter an order and judgment denying Mr. Herman's discharge under 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A), together with such other and further relief as the Court deems just and equitable.

Dated: August 9, 2018			JAMES L. SNYDER
					ACTING UNITED STATES TRUSTEE
					REGION 12

			BY:	/e/ Colin Kreuziger
				Colin Kreuziger
				Trial Attorney
				Office of U.S. Trustee
				1015 U.S. Courthouse
				300 South Fourth Street
				Minneapolis, MN 55415
				TELE: (612) 334-1350
				FAX: (612) 335-4032
				MN Atty. No. 0386834

## VERIFICATION

I, Colin Kreuziger, a trial attorney for the United States Trustee, the Plaintiff herein, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on August 9, 2018

/e/ Colin Kreuziger
Colin Kreuziger
Trial Attorney
MN Atty No. 0386834
Office of U.S. Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
TELE: (612) 334-1350